# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>JERRY URKEVICH,<br><br>    Defendant. | 8:03CR37<br><br>MEMORANDUM AND ORDER |

  This matter is before the Court on the Defendant's correspondence, filed at ECF No. 167 as "Motion under Section 603 of the First Step Act," and his "Motion for the Court to Undertake Judicial Notice Regarding Proposed Reconsideration of Judgement," ECF No. 168, in which he seeks relief under Section 403 of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018).

  Following a trial by jury, Defendant Jerry Urkevich was found guilty of the following Counts of the Superseding Indictment: Count I (conspiracy to distribute or possess with intent to distribute methamphetamine), Count II (possession of a firearm during a drug trafficking crime), Count III (possession of a firearm during a drug trafficking crime), and Count V (possession of a firearm during a drug trafficking crime). He was sentenced on May 10, 2004, to consecutive terms of incarceration of 235 months on Count I, 60 months on Count II, 300 months on Count III, and 300 months on Count V, plus concurrent terms of five years of supervised release on each count. The consecutive terms of incarceration on Counts II, III, and V were mandated by 18 U.S.C. § 924. He appealed, and his convictions and sentences were affirmed on July 11, 2005. On February 4, 2016, his term of incarceration on Count I was reduced to 188 months pursuant to 18 U.S.C. §

3582, due to a sentencing guideline range that was lowered and made retroactive by the United States Sentencing Commission.

The First Step Act, among many other things, amended 18 U.S.C. § 924. In Section 403 of the Act, congress amended § 924(c)(1)(C) so a consecutive term of 25 years (300 months) for a second or subsequent conviction for possession of a firearm during a drug trafficking crime is no longer mandatory if the crime was committed before a prior conviction under the subsection was final. This amendment would have benefited Urkevich if it had been in effect at the time of his sentencing. Section 403 of the First Step Act also provides: "This section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of the date of enactment." This Court, therefore, has no authority to apply Section 403 of the First Step Act to reduce Urkevich's sentence retroactively.

The First Step Act also amended 18 U.S.C. § 3582. In Section 603 of the Act, congress amended § 3582(c)(1)(A) to permit defendants to move a sentencing court for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." This Court has interpreted Urkevich's undated correspondence, filed at ECF No. 167, as a motion for compassionate release under Section 603 of the First Step Act. However, he has submitted no evidence or assertions regarding his exhaustion of administrative remedies, which is a prerequisite to the filing of a motion that can be entertained by the Court.

Accordingly,

IT IS ORDERED:

1. Defendant Jerry Urkevich's Motion under Section 603 of the First Step Act is denied, without prejudice to resubmission following exhaustion of his administrative remedies;

2. Defendant Jerry Urkevich's Motion to Reduce Sentence pursuant to First Step Act, ECF No. 168, is denied; and

2. The Clerk will mail a copy of this Memorandum and Order to the Defendant at his last known address.

Dated this 7th day of May 2019.

BY THE COURT:

s/Laurie Smith Camp
Senior United States District Judge