**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **8:03CR37** |
| **Plaintiff,** | |
| **vs.** | **MEMORANDUM AND ORDER** |
| **JERRY URKEVICH,** | |
| **Defendant.** | |

This matter is before the Court on the Defendant's Motion seeking relief under 18 U.S.C. § 3582(c)(1)(A)(i), ECF No. 173. For the following reasons, the Court will give the Government an opportunity to respond to the Motion on or before November 8, 2019.

## PROCEDURAL BACKGROUND

Following a trial by jury, Defendant Jerry Urkevich was found guilty of the following Counts of the Superseding Indictment: Count I (conspiracy to distribute or possess with intent to distribute methamphetamine), Count II (possession of a firearm during a drug trafficking crime), Count III (possession of a firearm during a drug trafficking crime), and Count V (possession of a firearm during a drug trafficking crime). He was sentenced on May 10, 2004, to consecutive terms of incarceration of 235 months on Count I, 60 months on Count II, 300 months on Count III, and 300 months on Count V, plus concurrent terms of five years of supervised release on each count. The consecutive terms of incarceration on Counts II, III, and V were mandated by 18 U.S.C. § 924. He appealed, and his convictions and sentences were affirmed on July 11, 2005. On February 4, 2016, his term of incarceration on Count I was reduced to 188 months pursuant to 18 U.S.C. §

3582, due to a sentencing guideline range that was lowered and made retroactive by the United States Sentencing Commission.

The First Step Act, among many other things, amended 18 U.S.C. § 924. In Section 403 of the Act, congress amended § 924(c)(1)(C) so a consecutive term of 25 years (300 months) for a second or subsequent conviction for possession of a firearm during a drug trafficking crime is no longer mandatory if the crime was committed before a prior conviction under the subsection was final. This amendment would have benefited Urkevich if it had been in effect at the time of his sentencing. Section 403 of the First Step Act also provides: "This section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of the date of enactment." This Court, therefore, has no authority to apply Section 403 of the First Step Act to reduce Urkevich's sentence retroactively.

The First Step Act also amended 18 U.S.C. § 3582. In Section 603 of the Act, congress amended § 3582(c)(1)(A) to permit defendants to move a sentencing court for modification of sentence "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" Urkevich has submitted evidence of his exhaustion of his administrative remedies through the Bureau of Prisons, ECF No. 173 at Page ID #173, and this matter is now properly before the Court under § 3582(c)(1)(A)(i).

## DISCUSSION

Section 3582(c)(1)(A) provides in pertinent part:

2

[T]he court . . . may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

> (i) extraordinary and compelling reasons warrant such a reduction;
> . . . .

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

If the Defendant had been sentenced following the First Step Act, his three firearms counts would have carried mandatory terms of 60 months each (180 months), and not 300 months for Counts III and V (660 months total). Accordingly, the sentence the Defendant is currently serving (848 months) is forty years longer than the sentence he would have received (368 months) if he were sentenced under the law (18 U.S.C. § 924(c)(1)(C)) as it now exists.

At the time of sentencing, the Defendant was 35 years old, and in Criminal History Category I. He is now more than 50 years old. His record at the Bureau of Prisons reveals that he has had no disciplinary actions during his incarceration, and he has completed several educational, vocational, or other rehabilitative programs.

Accordingly, to assist the Court in its consideration of the factors set forth in 18 U.S.C. § 3553(a), as well as applicable policy statements issued by the Sentencing Commission, the Government may respond to the Defendant's Motion on or before November 8, 2019.

IT IS ORDERED:

1. The Government may respond to the Defendant's Motion, ECF No. 173, on or before November 8, 2019; and

2. The Clerk will mail a copy of this Memorandum and Order and the letter of Supervision U.S. Probation and Pretrial Services Officer Kelly T. Nelson, dated October 16, 2019, to the Defendant at his last known address.

Dated this 16th day of October 2019.

BY THE COURT:

s/Laurie Smith Camp
Senior United States District Judge