IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:03-CR-37 |
| vs. | |
| JERRY URKEVICH, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter comes before the Court on Defendant's motion to appoint counsel, Filing 192, and documentation filed as a motion, *see* Filing 193. Although Defendant's Motion alludes to grounds for a reduced sentence, it is primarily a request for home confinement based on concerns related to COVID-19. Accordingly, the Court interprets Defendant's Motion to be a request for home confinement under 18 U.S.C. § 3624(c)(2).

I. BACKGROUND

Following a trial by jury, Defendant, Jerry Urkevich, was found guilty of the following Counts of the Superseding Indictment: Count I (conspiracy to distribute or possess with intent to distribute methamphetamine), Count II (possession of a firearm during a drug trafficking crime), Count III (possession of a firearm during a drug trafficking crime), and Count V (possession of a firearm during a drug trafficking crime). He was sentenced on May 10, 2004, to consecutive terms of incarceration of 235 months on Count I, 60 months on Count II, 300 months on Count III, and 300 months on Count V, plus concurrent terms of five years of supervised release on each count. The consecutive terms of incarceration on Counts II, III, and V were mandated by 18 U.S.C. § 924. He appealed, and his convictions and sentences were affirmed on July 11, 2005. On February 4, 2016, his term of incarceration on Count I was reduced to 188 months pursuant to 18 U.S.C. §

3582, due to a sentencing guideline range that was lowered and made retroactive by the United States Sentencing Commission.

On December 4, 2019, the Court found extraordinary and compelling reasons supported a reduction of Defendant's sentence under 18 U.S.C. § 3582(c)(1)(A)(i) and reduced Defendant's sentences on Counts III and V to sixty months each, to be served consecutively. Defendant is fifty-one years old and has served approximately seventeen years of his now thirty-year sentence.

According to his most recent communication, Defendant is incarcerated at FCI Sandstone in Sandstone, Minnesota. Defendant asserts that he submitted a request for home confinement/compassionate release to the warden of his facility in April 2020. Filing 193 at 2. Defendant's documentation shows that his request for home confinement/compassionate release was denied on September 10, 2020. Filing 193 at 6. The warden's Notice of Decision indicated that Defendant's "current crime of violence" was a significant factor in the decision to deny his request for home confinement. *See id*. The Notice of Decision also stated that if Defendant wished to appeal the decision, Defendant could do so via the "Administrative Remedy Program, beginning with BP-8." *Id*.

## II. DISCUSSION

Defendant's primary argument is that he eligible for home confinement. The Bureau of Prisons (BOP) may "place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." 18 U.S.C. § 3624(c)(2). Section 3624(c)(2) directs that the BOP "shall, to the extent practicable, place prisoners with lower risk levels and lower needs on home confinement for the maximum amount of time permitted."

On March 27, 2020, Congress enacted the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act"). *See* CARES Act, Pub. L. No. 116-136, 134 Stat 281. Section 12003(b)(2)

of the CARES Act provides that "[d]uring the covered emergency period, if the Attorney General finds that emergency conditions will materially impact the functioning of the [BOP], the Director of the [BOP] may lengthen the maximum amount of time" authorized for home confinement under § 3624(c)(2). On April 3, 2020, the Attorney General found that emergency conditions exist and directed the BOP to prioritize home confinement for "the most vulnerable inmates at the most affected facilities." *See* Attorney General William Barr, Memorandum for Director of Bureau of Prisons: Increasing Use of Home Confinement at Institutions Most Affected by COVID-19 (Apr. 3, 2020).

"[T]he BOP has plenary control, subject to statutory constraints, over 'the place of the prisoner's imprisonment.'" *Tapia v. United States*, 564 U.S. 319, 331 (2011) (quoting 18 U.S.C. § 3621(b)); *see also* 18 U.S.C. § 3624(c)(4) ("Nothing in this subsection shall be construed to limit or restrict the authority of the [BOP] under section 3621"). Courts "have consistently held that placement questions are not reviewable." *See United States v. Tuckner*, No. 16-79 (DWF), 2020 WL 4271785, *2 (D. Minn. July 24, 2020) (collecting cases). The CARES Act has not changed this. *See United States v. Walker*, No. 16CR331, 2020 WL 2490101, at *2 (D. Minn. May 14, 2020) ("Neither the CARES Act nor the [First Step Act] alters" the BOP's "exclusive authority to determine the placement of prisoners."). Accordingly, the Court does not have statutory authority to direct the BOP to place Defendant on home confinement. "The Court may at most recommend the BOP place [Defendant] on home confinement." *United States v. Taylor*, No. 8:19CR99, 2020 WL 4365483, at *2 (D. Neb. July 30, 2020).

While the Court takes seriously the dangers posed by COVID-19, Defendant has not alleged enough facts to merit a recommendation of home confinement at this time. The Attorney General directed the BOP to consider the totality of the circumstances when making home-

confinement determinations, including an inmate's age and vulnerability, the risk of COVID-19 at the inmate's facility, the inmate's conduct in prison, and the inmate's crime of conviction. *See* Attorney General William Barr, Memorandum for Director of Bureau of Prisons: Prioritization of Home Confinement as Appropriate in Response to COVID-19 Pandemic, at 1-2 (March 26, 2020).

The Court previously recognized that Defendant's record at the BOP showed that he had no disciplinary actions during his incarceration; completed several educational, vocational, and other rehabilitative programs; and has a positive report from his case manager. *See* Filing 179 at 3 n.1. The Court concluded that Defendant demonstrated that he poses no current danger to the safety of any other person or to the community. Filing 179 at 3 7. Further, Defendant has submitted numerous letters of support, demonstrating support from family and friends should home confinement be granted. These factors may support a recommendation of home confinement.

However, the Court must also consider other factors including Defendant's risk and vulnerability. Defendant argues that his age and weight make him particularly susceptible to the effects of COVID-19. Defendant will be 52 years old in December 2020, but he does not specify his weight. Filing 193 at 2, 5. Additionally, Defendant alleges that only 25 out of 250 inmates in the units around him have tested negative with the rest testing positive. Filing 193 at 2. Nevertheless, according to the BOP coronavirus response website on the date of this memorandum and order, confirmed cases of COVID-19 included only two inmates and six staff members. Based on the limited information provided, the Court cannot assess whether Defendant is particularly susceptible. The BOP is in a better position to assess whether these factors favor home confinement.

Defendant also argues that in considering whether he is eligible for home confinement, the BOP erroneously concluded that his current crime of conviction is a crime of violence. *See* Filing

4

193 at 2. As noted above, Courts cannot review the BOP's determination of where a defendant is incarcerated. *See Tuckner*, 2020 WL 4271785, *2. Further, Defendant was convicted under 18 U.S.C. § 924(c)(1)(C) for possession of a firearm during a drug trafficking crime. Other than to summarily state that his conviction under 18 U.S.C. § 924 was not violent, Defendant provides no explanation for why the BOP's characterization was inappropriate. Accordingly, the Court will not recommend that the BOP reconsider its decision.

### III. CONCLUSION

Considering the totality of the circumstances, Defendant has not shown that a recommendation of home confinement is warranted at this time. However, Defendant may continue to pursue his request for home confinement with the BOP's Administrative Remedy Program. *See* Filing 193 at 6.

IT IS ORDERED:

1. Defendant's motion to appoint counsel, Filing 192, and documentation filed as a motion, *see* Filing 193, are denied without prejudice to reassertion; and

2. The Clerk will mail a copy of this Memorandum and Order to the Defendant at his last known address.

Dated this 20th day of November, 2020.

                                BY THE COURT:

                                _____
                                Brian C. Buescher
                                United States District Judge