IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:03-CR-37 |
| vs. | |
| JERRY URKEVICH, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter comes before the Court on Defendant's Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A). Filing 205. For the reasons stated herein, the Court denies Defendant's motion.

## I.  BACKGROUND

Detailed backgrounds and procedural histories are included in the Court's memoranda and orders addressing Defendant's prior motions for compassionate release. *See* Filing 179; Filing 197. The Court incorporates its prior orders and provides the following by way of summary relevant to Defendant's present Motion for Compassionate Release:

Defendant was found guilty by a jury of the following Counts of the Superseding Indictment: Count I (conspiracy to distribute or possess with intent to distribute methamphetamine), Count II (possession of a firearm during a drug trafficking crime), Count III (possession of a firearm during a drug trafficking crime), and Count V (possession of a firearm during a drug trafficking crime). He was sentenced on May 10, 2004, to consecutive terms of incarceration of 235 months on Count I, 60 months on Count II, 300 months on Count III, and 300 months on Count V, plus concurrent terms of five years of supervised release on each count. The consecutive terms of incarceration on Counts II, III, and V were mandated by 18 U.S.C. § 924.

He appealed, and his convictions and sentences were affirmed on July 11, 2005. On February 4, 2016, his term of incarceration on Count I was reduced to 188 months pursuant to 18 U.S.C. § 3582, due to a sentencing guideline range that was lowered and made retroactive by the United States Sentencing Commission.

On December 4, 2019, the Court found extraordinary and compelling reasons supported a reduction of Defendant's sentence under 18 U.S.C. § 3582(c)(1)(A)(i) and reduced Defendant's sentences on Counts III and V to 60 months each, to be served consecutively. Filing 179. The Court[1] concluded a reduction in his sentence was warranted because Defendant was facing a term of incarceration forty years longer than he would have faced after The First Step Act's amendment to § 924(c)(1)(C).

On November 20, 2020, the Court denied Defendant's motion for reduction of sentence and home confinement. Filing 197. Considering the totality of the circumstances, the Court concluded that Defendant failed to show a recommendation of home confinement was warranted.

In the present motion, Defendant—through counsel—recognizes that Judge Smith Camp found extraordinary and compelling reasons to reduce Defendant's sentence under the First Step Act's amendments to § 924(c). Defendant asserts that although Judge Smith Camp correctly reduced the sentence under the statute, she was not required to impose a sentence with statutory minimums and should have reduced Defendant's Guideline sentence to time served.

## II. DISCUSSION

In Section 603 of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), Congress amended 18 U.S.C. § 3582(c)(1)(A) to permit defendants to move a sentencing court for compassionate release "after the defendant has fully exhausted all administrative rights to appeal

---

[1] The late Senior District Judge Laurie Smith Camp addressed Defendant's initial motion for compassionate release. After her untimely and unexpected passing, this case was reassigned to the undersigned judge. Filing 194.

2

a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Defendant's counsel represents that more than thirty days have passed since he submitted a request for compassionate release to the warden of his facility. *See* Filing 206 at 13.

Section 603 of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), amended 18 U.S.C. § 3582(c)(1)(A) and provides in pertinent part:

> [T]he court . . . may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction
>
> . . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A).

Assuming Defendant has exhausted his administrative remedies and accepting all Defendant's factual allegations as true, Defendant has not shown any extraordinary and compelling reason for a reduction of his sentence or his release from custody. Defendant's motion essentially relies on (1) the injustice of his initial lengthy sentence and (2) his post-conviction rehabilitation efforts. Filing 206 at 24. However, the Court has previously considered these arguments and Defendant does not present additional justification for compassionate release at this time.

First, Defendant argues that a sentence reduction is appropriate because of "the disparities between the sentence before the Court and those received by similarly situated defendants." Filing 206 at 24. However, Defendant offers no evidence or authority showing his current reduced sentence is disparate from similarly situated defendants. Defendant also references dozens of cases to support the argument that compassionate release is appropriate based on the large disparity

3

between Defendant's sentence and the sentence he would receive today. But the Court has already reduced Defendant's sentence based on the disparity between his original sentence and the amendments to § 924(c).[2] Defendant even agrees that "Judge Camp's [sic] decision in November 2019 reduced Urkevich's sentence on the second and third § 924(c) counts to what he would receive if he were sentenced for the first time today." Filing 206 at 22. Without evidence of a current disparity, Defendant appears to suggest that Judge Smith Camp could have reduced his sentence below the statutory minimum but failed to do so only because she lacked the benefit of counseled briefing. The record does not support this argument. Despite the lack of briefing, Judge Smith Camp's order shows she considered the sentencing disparity along with other factors when reducing Defendant's sentence under § 3582(c)(1)(A)(i). *See* Filing 179 at 3-4, 7. Absent authority or evidence, the Court need not revisit Judge Smith Camp's decision.

Defendant also argues that his post-conviction rehabilitation merits compassionate release. In Judge Smith Camp's order, she noted that Defendant had no disciplinary actions during his incarceration and had completed several educational, vocational, and other rehabilitative programs. Filing 179 at 3 n.1. Accordingly, to the extent Defendant argues that his rehabilitation efforts—in tandem with his original sentencing disparity—merit compassionate release, the Court has already considered these efforts and chose not to grant a further reduction.

Moreover, the Court has reviewed the record and concludes that a reduction of Defendant's sentence would be contrary to the factors the Court must consider under 18 U.S.C. § 3553(a).[3] When considering these factors, a defendant's rehabilitation may be relevant but "is not, by itself,

---

[2] Judge Smith Camp reduced Defendant's sentences on two of Defendant's convictions under § 924(c) to five years each to reflect the mandatory sentence Defendant would have received if sentenced today.

[3] These factors include the "nature and circumstances of the offense," "history and characteristics of the defendant," "need to avoid unwarranted sentence disparities among defendant with similar records who have been found guilty of similar conduct," and the need for the sentence imposed to "reflect the seriousness of the offense," "promote respect for the law," "provide just punishment for the offense," "afford adequate deterrence," and "protect the public." 18 U.S.C. § 3553(a)(1), (2)(A) through (C), and (6).

4

an extraordinary and compelling reason for" compassionate release. *See United States v. Saldana, No. 19-7057, 2020 WL 1486892, at \*3 (10th Cir. Mar. 26, 2020)*; 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason."). While Defendant's efforts at post-conviction rehabilitation are commendable, they do not overcome the other § 3553(a) factors that weigh against release. Defendant's sentence was already significantly reduced and further reduction would undermine the nature and seriousness of his offense. Further, Defendant was convicted under 18 U.S.C. § 924(c)(1)(C) for possession of a firearm during a drug trafficking crime. Other than to suggest his conviction under 18 U.S.C. § 924 was not violent, Defendant provides no explanation for why this characterization is inappropriate. After review of the record, the Court concludes that the relevant § 3553(a) factors and surrounding circumstances weigh against release.

### III. CONCLUSION

For the reasons set forth above, the Court denies Defendant's Motion for Compassionate Release. Accordingly,

IT IS ORDERED

1. Defendant's Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) Filing 205, is denied.

Dated this 17th day of February, 2022.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge